# THE PEOPLE *ex rel.* Weber

## *v.*

# CHICAGO AND ALTON RAILROAD CO.

*Filed at Mt. Vernon October 2, 1880.*

1. TAXATION—*description of property assessed.* Property assessed for taxation must be described by reference to government surveys, or by metes and bounds, or, if land is divided into lots, then by reference to authenticated plats. If a piece of land is designated as a lot, when there is no plat to which reference can be had, to determine from what tract it has been formed, no judgment can be rendered against it for taxes, as it is not capable of location.

2. While a government survey with a given number is a description of land well recognized, and which can be easily located, yet a lot therein of a certain number, does not represent any ascertainable part of the survey, unless a plat has been made and recorded by competent authority, which divides the survey into lots.

3. SAME—*surveying and platting lots.* The Revenue laws make it the duty of the owner, where a tract of land is divided into parcels so that it can not be described without metes and bounds, to cause such lands to be surveyed and platted into lots, the plat to be certified and recorded, and the law provides that, if the owner shall neglect or refuse to cause this to be done within thirty days after being notified by the county clerk, such clerk shall cause

the survey to be made and recorded, and the expense thereof to be added to the tax levied on such property. When the land is so surveyed and platted, and the plat recorded, the lots may be assessed according to their numbers.

4. A survey and platting of a tract of land by a deputy county surveyor, at the instance of an assessor, without any notice by the county clerk to the owner, or not at the request of the clerk, the plat not being recorded, is not a compliance with the statute, and such survey and platting are unauthorized and binding on no one, and will not change the original description of the land.

APPEAL from the County Court of St. Clair county; the Hon. FREDERICK H. PEIFER, Judge, presiding.

Mr. GEORGE W. BROCKHAUS, State's attorney, for the People.

Messrs. G. & G. A. KOERNER, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an application by the collector of St. Clair county to the county court for judgment against the following described land for taxes: Lot 15, survey 786, claim 2667, (called Condarse tract and additions thereto,) except right of way, containing 10 37-100 acres, as recorded in plat book E, page 10, of the recorder's office at Belleville.

The land was assessed as the property of the Chicago and Alton Railroad Company, and it appeared and filed certain objections, which were considered by the court, and judgment for taxes denied.

It appeared on the hearing that no plat had ever been recorded dividing government survey 786 into subdivisions or lots, and the county court refused to render judgment for taxes, on the ground that there was no record of lot 15 appearing in the recorder's office of the county in plat book E, or in any other book or record contained in the office.

If there was no such property as lot 15 mentioned. in the application, in existence, then it is clear the court did right in refusing judgment, because a judgment for taxes can not

be rendered against property which has no existence.   Property must be described by reference to government surveys, or by metes and bounds, or, if it is divided into lots, then by reference to authenticated plats.   If described by some one of these modes, then it can be ascertained and its locality easily determined.   But, if a certain piece of property is designated as a lot, when there is no plat to which reference can be had to determine from what tract of land the lot has been formed, it would be impossible to locate the lot.

While the government survey 786 is a description of a tract of land well recognized, and one from which the land can easily be located, yet lot 15 does not represent any ascertainable part of the survey, unless a plat had been made and recorded by competent authority, which divided the survey into lots.

Section 62 of the Revenue law (Rev. Stat. 1874, 868) provides: "Where a tract or lot of land is divided in parcels, so that it can not be described without describing it by metes and bounds, it shall be the duty of the owner to cause such land to be surveyed and platted into lots.   Such plat shall be certified and recorded.   The description of real estate, in accordance with the number and description set forth in the plat, shall be deemed a good and valid description of the lot or parcel of land so described."

Section 63 declares: "If the owner of any such tract shall refuse or neglect to cause such survey to be made within thirty days after being notified by the county clerk, said clerk shall cause such survey to be made and recorded, and the expense thereof shall be added to the tax levied on such real property, and, when collected, shall be paid on demand to the person to whom it is due."

These sections of the Revenue law were not followed, nor were they complied with, in the formation of lot 15 from survey 786.

The owner of the survey did not subdivide the survey, nor was it divided by the direction of the county clerk, after a

refusal of the owner. But, on the other hand, it appears, from the evidence, that the deputy county surveyor, who was employed by the assessor of the county, subdivided and platted survey 786, and some other adjoining tracts of land, and thus lot 15 was formed, but a plat of the survey was never recorded. It was filed in the recorder's office, but nothing more done with it.

We do not regard this as a compliance with the statute. The action taken by the deputy county surveyor was unauthorized, and what he did in reference to dividing the survey into lots was binding upon no one; nor did it change the original description of the survey.

If we are correct in this view, it follows that the supposed lot 15, as a subdivision of survey 786, has no legal existence, and no judgment could be rendered against it for taxes.

If survey 786 was owned by different persons, and a necessity existed for a better or more perfect description of the portion of the survey possessed by each owner, the owners should have been notified, as required by section 63 of the Revenue law, and, if they neglected or failed to cause the survey to be made, then the county clerk was authorized to cause a survey to be made and recorded. Had this course been pursued, then lot 15 would have had a legal existence, and a judgment might have been rendered against it for taxes.

The judgment of the county court will be affirmed.

*Judgment affirmed.*