ELLEN E. SANFORD

v.

THE PEOPLE ex rel. Andrew J. Barr, Collector.

*Filed at Springfield March 28, 1882.*

TAXATION—*void description of land.* A lot assessed as "lot 5 in assessor's subdivision of the west half of section 1, township 13 north, range 12 west," no number of acres being given, when it appears that no plat of any such lot as described was ever made and recorded, is incapable of being found or located. Such a description is totally insufficient, and no judgment can be had against the premises for the taxes assessed thereon.

APPEAL from the County Court of Edgar county; the Hon. ANDREW Y. TROGDEN, Judge, presiding.

Messrs. HUNT & DYAS, for the appellant.

Mr. A. J. HUNTER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a proceeding commenced by the collector of taxes of Edgar county, for the collection of back taxes on a lot in the city of Paris, in that county. The collector claimed there was due as back taxes, interest, etc., $688.72. The application was to the May term, 1881, of the county court, and on a hearing, appellant filed objections, but the court rendered a judgment against the lot for the sum of $206.01. From this judgment an appeal was prayed and perfected, and various errors are assigned for a reversal of the judgment.

We deem it necessary to consider only one assignment of error, as that must reverse the judgment. This is a proceeding for the collection of back taxes levied for the years 1876, 1877 and 1878, and the judgment seems to have been rendered for the taxes of the year 1878. The premises were described and assessed for these several years as lot 5, in

assessor's subdivision of the west half of section 1, township 13 north, range 12 west. It is stipulated that there never was such a plat made and recorded, hence the objection that there was no land described against which any taxes or a lien for taxes could attach. To create a lien for taxes on real estate, it must be described so it may be located and found. *People* v. *Chicago and Alton R. R. Co.* 96 Ill. 369. In this case, however, there is nothing by which this piece of land can be found, to answer the assessor's description. It is admitted of record that there is no such plat as that referred to by the assessor. If no such plat, then the only reference is to the west half of section 1. There is nothing to locate this land on any specific portion of that half section, nor is there anything in the description indicating the number of acres that was intended to be assessed. The description is totally insufficient to answer the requirements of the statute.

It may be that we might hold, that inasmuch as the judgment is not for the sale of appellant's lands, nor could be held to affect her title, she has no standing in court to urge this objection. But inasmuch as under the circumstances of this case a sale might operate to embarrass her title, we are inclined to follow *The People* v. *Chicago and Alton R. R. Co. supra.*

The judgment of the county court is reversed, and the cause remanded.

*Judgment reversed.*