## THE PEOPLE EX REL. TURNER
### V.
## AMOS T. PURVIANCE.

1. ENFORCEMENT OF PUBLIC RIGHT, RELATOR NEED NOT SHOW LEGAL INTEREST IN RESULT.—Where the object of a proceeding is the enforcement of a public right, the people are regarded as the real party, and the relator need not show that he has any legal interest in the result. It is enough that he is interested as a citizen in having the laws executed and the right in question enforced.

2. INTEREST OF PUBLIC IN CORRECT DESCRIPTION OF REAL ESTATE—TAXATION.—The public have an interest in having every tract of land subject to taxation so described that it can be readily located from the description of it in the assessment roll and in the proceedings that may become necessary for the enforcement of the collection of the taxes assessed against it.

3. DUTY OF THE COUNTY CLERK UNDER THE STATUTE.—If the owner of any tract of land that can not be described except by metes or bounds, does not perform his duty under section 62 of the Revenue Act and have such tract surveyed and platted, and such plat recorded, then, under section 63 it becomes the duty of the county clerk to give the required notice, and in case of the refusal of the owner to perform such duty within thirty days, the clerk must cause such survey and plat to be made under his own direction.

4. AS TO DIFFICULTY IN PERFORMING SUCH OFFICIAL DUTY.—As to the objections made in this case to the petition and the relief prayed for, the statute does not contemplate that the object designed to be accomplished by its enforcement, can not be attained, and there is nothing appearing in the record that would lead the court to conclude that any such difficulty as suggested will be found so great but that it can be overcome if the respondent shall endeavor to do his official duty.

ERROR to the Circuit Court of Putnam county; the Hon. N. M. LAWS, Judge, presiding. Opinion filed February 9, 1883.

This was a petition for a mandamus filed by the relator, a citizen and tax payer of Putnam county, to compel the respondent to proceed under the sixty-third section of the Revenue Act to give the proper notices to owners of certain tracts of land in said county, to have the same surveyed and platted into lots for the purpose of obtaining such a description that taxes can be properly extended thereon, and the collection

thereof enforced. The petition sets forth a description of some one hundred and fifteen tracts or lots, and the names of the respective owners to whom the same are assessed as they appear in the assessor's and collector's books in the office of the respondent, who is alleged to be the county clerk. The following descriptions of some of such tracts will indicate the defects complained of, as they are all described in the same indefinite manner:

Aaron Gunn, in Sec. 1, 31, 1, 205 50-100 ; Moses L. Perdew, in E. 1-2, S. W. 1-4, 26, 31, 2, 42 75-100; John Swaney, in S. W. 1-4, 15, 31, 1, 34; L. J. Beck, in S. W. 1-4, 15, 31, 1, 91.

The petition avers that none of the owners of such tracts of land have caused them to be surveyed and platted, and the tracts can only be properly described without such survey and platting by metes and bounds, and that the defendant, as such county clerk, has wholly neglected and refused to give the notice to such owners as required and to take the necessary steps to have such survey made and recorded, although he has often been requested so to do, and that by reason of such failure upon his part, the public revenues derived from taxes levied upon such tracts have become, and now are greatly threatened and jeopardized. The respondent demurred to the petition and the court sustaining the demurrer, the petition was dismissed and the petitioners sued out a writ of error from this court.

Mr. FRANK TURNER, for plaintiff in error; that where the relator is a competent person to file the petition, he need not show that he has any peculiar interest in the enforcement of the official duty, cited Pike Co. v. State, 11 Ill. 202; City of Ottawa v. The People, 57 Ill. 307; Glencoe v. The People, 78 Ill. 382; The People v. Supervisors, 47 Ill. 259; High on Ex. Legal Rem. § 431; State v. Williams, 41 N. J. L. 332; Moses v. Kearney, 31 Ark. 261; State v. Gracey, 11 Nev. 223; State v. Doyle, 40 Wis. 175; The People v. Collins, 19 Wend. 56; Hamilton v. State, 3 Ind. 452; State v. County Judge, 7 Ia. 186; State v. Rahway, 53 N. J. L. 110; Watts v. The Police

Jury, 11 La. 141; Cannon v. Janvier, 3 Del. 27, 3 Dill. 515; U. P. R. R. Co. v. Hall, 91 U. S. 343; Att'y Gen. v. Boston, 123 Mass. 460.

To create a lien for taxes on real estate, it must be described so it may be located and found: The People v. C. & A. R. R. Co. 96 Ill. 369; Sandford v. The People, 102 Ill. 374.

Mandamus is often granted where no actual damage has accrued: Fotherby v. Met. R. R. Co. 2 L. R. C. P. 188; Ware v. McDonald, 62 Ala. 81; Kidder v. Morse, 26 Vt. 74.

Where a subject comprehends multiplicity of matter, to avoid prolixity, the law allows general pleading: Chitty on Pleading, 235; Godfrey v. Buckmaster, 1 Scam. 447; Zimmerman v. Wead, 18 Ill. 304 ; Brady v. Spruck, 27 Ill. 478; The People v. Shaw, 14 Ill. 476; Kipp v. Bell, 86 Ill. 577; The People v. Solomon, 46 Ill. 333; Silver v. The People, 45 Ill. 224 ; High on Ex. Legal Rem. § 448.

Under the law of mandamus, an officer may be compelled to exercise his *discretion*, but he can not be compelled to reach any specific conclusion in so doing: High on Ex. Legal Rem. § 532; The People v. Supervisors, 1 Hill, 50; Humbolt Co. v. Com'rs, 6 Nev. 30; The People v. Brannan, 39 Barb. 650; The People v. Williams, 91 Ill. 87; The People v. Jameson, 40 Ill. 93; The People v. Pearson, 2 Scam. 206; St. Clair Co. v. The People, 85 Ill. 396; Rex v. Bristol Dock Co. 6 B. & C. 181; Mayor v. Rainwater, 44 Mass. 547.

As to the necessity of demand where the duty sought to be coerced is one affecting the public at large and where there is no one whose special province it is to make demand: High on Ex. Legal Rem. §§ 13, 41; State v. Marshall Co. 7 Ia. 186; State v. Bailey, 7 Ia. 390; Commonwealth v. Com'rs, 37 Pa. 237; Com'rs v. King, 13 Fla. 161; State v. Common Council, 33 N. J. L. 110.

Where the object of the writ is to enforce a private right, a previous demand is held necessary: State v. Governor, 1 Dutch. 331; State v. Davis, 17 Minn. 439; Condit v. Com'rs, 25 Ind. 422; R. v. Brenock Canal, 3 A. & E. 217.

As to the construction of a revenue statute: Cooley on Taxation, 206; Cornwall v. Todd, 38 Conn. 443; Hubbard v.

Brainard, 35 Conn. 563; Rein v. Lane, 2 Q. B. 144; U. S. v. Olney, 1 Abb. U. S. 275; U. S. v. Barrels of Spirits, 2 Abb. U. S. 305; Sedgwick on Const. and Stat. Law, 41; Jackson v. Warren, 32 Ill. 331; Hadley v. Morrison, 39 Ill. 392; R. R. I. & St. L. R. R. Co. v. Heflin, 65 Ill. 366; Jones v. Jones, 3 Dow. 15; Atcheson v. Everett, Cowp. 391; St. Peters v. Middleburg, 2 Y. & J. 196; C. B. & Q. R. R. Co. v. Dunn, 52 Ill. 260; The People v. Com'rs, 3 Scam. 153; Hoke v. Henderson, 25 Am. Dec. 677.

The statute is peremptory and giving notice is a preliminary step which must necessarily be taken in carrying out the object of the statute: Hamilton v. State, 102 Ill. 367; Com'rs v. Com'rs, 100 Ill. 631; Kane v. Footh, 70 Ill. 587; Schuyler v. Mercer Co. 4 Gilm. 20; C. & A. R. R. Co. v. Howard, 38 Ill. 414; Fowler v. Pirkins, 77 Ill. 271; Gillinwater v. M. & A. R. R. Co. 13 Ill. 1.

Where a statute directs the doing of a thing for the sake of justice or the public good, the word *may* is the same as *shall:* Rex v. Barlow, 2 Salk. 609; Coy v. Lyons City, 17 Ia. 1; State v. Harris, 17 Ohio, 608; Baltimore v. Marriot, 9 Md. 160–174; King v. Havering, 7 E. C. L. 243; Minor v. Mechanics Bank, 1 Pet. 46; Mason v. Fearson, 9 How. 248; Malcom v. Rogers, 5 Cow. 188; Kent's Com. 467; Sedgwick on Const. and Stat. Law, 438; Galena v. Amy, 5 Wall. 705; 2 Chitty, 271; Lou v. Dunham, 61 Me. 566; Rogers v. Bowen, 42 N. H. 102; State v. Buffalo Co. 6 Neb. 454; Steins v. Franklin Co. 48 Mo. 167; Supervisors v. U. S. 4 Wall. 435; The People v. Supreme Court, 10 Wend. 289.

It is no objection to granting a writ of mandamus that the officer against whom the writ runs, will need the assistance of another officer to carry out the duty coerced: State v. Rice Co. Judge, 7 Ia. 186; State v. Bailey Co. Judge, 7 Ia. 490.

The duty, the performance of which it is sought to coerce by mandamus, must be actually due and incumbent upon the officer at the time of seeking the relief: Cooley on Taxation, 285; High on Ex. Legal Rem. § 36.

Mr. WM. H. CASSON and Messrs. SHAW & EDWARDS, for

defendant in error; that petitioner must show a clear and indubitable right to the writ of mandamus, cited The People v. Davis, 93 Ill. 133; The People v. Village of Crotty, 93 Ill. 180; Tappan on Mandamus, 5.

PILLSBURY, P. J. It is urged that the relator has no such interest in the enforcement of the official duty of the respondent as would authorize him to prosecute this proceeding. It was held in Pike County v. State, 11 Ill. 202, that " where the object of the proceeding is the enforcement of a public right, the people are regarded as the real party, and the relator need not show that he has any legal interest in the result." It is enough that he is interested as a citizen in having the laws executed and the right in question enforced. This rule has been approved in City of Ottawa v. The People, 48 Ill. 233; Hall v. The People, 57 Ill. 307; Village of Glencoe v. The People, 78 Ill. 382.

The public has an interest in having every tract of land subject to taxation so described that it can be readily located from the description of it in the assessment roll and in the proceedings that may become necessary for the enforcement of the collection of the taxes assessed against it. It is evident from the description given in the petition of these various tracts of land as appearing upon the assessment roll and in the collector's book, no taxes can be legally assessed or collected thereon. The land can not, from such indefinite description, be located or found, and consequently no lien for taxes would attach to it, and no judgment for taxes returned as delinquent could be rendered against it. The People v. C. & A. R. R. Co. 96 Ill. 369; Sanford v. The People, 102 Ill. 374.

As no taxes can be enforced against lands so indefinitely described, if the owners thereof will not voluntarily pay the taxes assessed thereon, such lands will escape their just burden of taxation and the State and local government will suffer for the loss of the revenue necessary for their support, or the burden upon others must be increased. Every tax paying citizen of the county has a peculiar interest therefore in having all the lands in such county listed for taxation by such certain descriptions

People ex rel. Turner v. Purviance.

that the taxes assessed upon them can be collected by judgment and sale under the revenue laws of the State. For the purpose of correcting any such imperfect descriptions of lands in the lists of lands and lots to be assessed for taxes required to be made by the county clerk for the several towns or districts in his county, under Sec. 66 of the Revenue Act, the legislature incorporated in such act Secs. 62 and 63, which read as follows: " 62. In all cases where any tract or lot of land is divided into parcels so that it can not be described without describing it by metes and bounds, it shall be the duty of the owner to cause such land to be surveyed and platted into lots. Such plats shall be certified and recorded. The description of real estate in accordance with the number and description set forth in the plat, aforesaid, shall be deemed a good and valid description of the lot or parcel of land so described.

" 63. If the owner of any such tract or lot shall refuse or neglect to cause such survey to be made within thirty (30) days after having been notified by the county clerk, by publication of a notice in a newspaper in the county, having general circulation, at least three times, said clerk shall cause such survey to be made and recorded; and the expense of the publication of such notice, and of making such survey, shall be added to the tax levied on such real property, and when collected, shall be paid on demand to the person to whom it is due."

By these provisions of the statute it is evident the legislature intended to provide the means by which defective descriptions of land and lots could be remedied and proper lists thereof for assessments prepared. If the owner of any tract of land that can not be described except by metes and bounds does not perform his duty under Sec. 62 of the statute and have such tract surveyed and platted, and such plat recorded, it, then, under Sec. 63 becomes the duty of the county clerk to give the notice to the owner required by said section, and if he refuses to perform such duty for thirty days after notice to cause such survey and plat to be made under his own direction. This duty thus imposed upon the county clerk appears to be clear, explicit and imperative.

The petition in this case contains a statement of all the facts named in the statute as essential, to require the clerk to enter upon the performance of his official duty under this statute, and to take such measures as are prescribed therein, to have such tracts of land so described that a tax assessed upon them can be enforced.

Nearly all the objections made to the petition and the relief therein prayed for, are founded upon the supposed difficulties if not impossibilities that the respondent may encounter in the attempted performance of his official duty under the statute.

The statute does not contemplate that the object designed to be accomplished by its enforcement can not be obtained, and there is nothing appearing in this record that would lead us to conclude that any such difficulty as suggested will be found so great that it can not be overcome. if the respondent shall endeavor to do his duty in that regard. When he shall, in good faith make an earnest effort to perform his duty, and in the interests of and for the public good, it will be sufficient time to consider the validity of any excuse he may have to offer for a non-compliance with a duty enjoined by law; at least such questions do not arise upon this record and if in the further prosecution of this case they should properly arise, no doubt they will receive such consideration at the hands of the circuit court as their importance may demand.

Under the facts admitted, we think the circuit court should have awarded the writ directing the respondent to proceed to a performance of his duty under Sec. 63 of the Revenue Act to have such tracts of lands thus imperfectly described, surveyed and platted as therein required.

The judgment of the court below in sustaining the demurrer to the petition and in dismissing it, will be reversed and the cause remanded for further proceedings.

Judgment reversed.