HENRY B. KEPLEY

*v.*

BERNARD JANSEN.

*Filed at Mt. Vernon June 16, 1883.*

1. LIEN FOR TAXES—*upon other lands.* The statute does not make the taxes due on one tract of land a lien upon another tract.

2. SAME—*purchaser under judgment which includes taxes not a lien on the land sold—prior incumbrance.* Where a tract of land is sold on execution issued upon a judgment which includes taxes on other lands besides the tract sold, the sale will be regarded as having been made under an ordinary judgment, where personal service was had, and the purchaser will take the same subject to a mortgage lien thereon made before the judgment became a lien.

3. FORECLOSURE—*as to taxes paid before principal is due.* Where the interest on a mortgage debt is payable annually, the mortgagee, in foreclosing for unpaid interest due, may have included in the decree taxes paid by him to preserve his security, and is not bound to wait until the principal debt is due.

4. PARTY—*to bill to foreclose.* On bill to foreclose a mortgage, a purchaser of the land, on sale under a judgment against the mortgagor which is not a prior lien, is not only a proper but a necessary party defendant, as the holder of the equity of redemption.

APPEAL from the Appellate Court for the Fourth District; —heard in that court on writ of error to the Circuit Court of Effingham county.; the Hon. THOMAS S. CASEY, Judge, presiding.

Mr. HENRY B. KEPLEY, *pro se:*

The tax on real estate is a lien thereon from the first day of May in the year in which it is levied, and this lien takes precedence of all others, though created before. Rev. Stat. chap. 120, sec. 253; *The People* v. *Stahl,* 101 Ill. 346; *Eaton's Appeal,* 83 Pa. St. 152; *Dunlap* v. *Gallatin County,* 15 Ill. 7; *Dennis* v. *Maynard et al.* id. 477; *Almy* v. *Hunt,* 48 id. 45; *Binkert* v. *Wabash Ry. Co.* 98 id. 205; *Rogers* v. *Dickey,* 1 Gilm. 645; Cooley on Taxation, 305, 306, and cases cited; Burroughs on Taxation, 371, 374; *Stokes* v. *The State of Georgia,* 46 Ga. 412; *The People* v. *Biggins,* 96 Ill. 481.

A title based on a sheriff's sale of real estate under a judgment for the purchase money thereof, takes precedence of the right of homestead, or other claims or liens, even when the fact that it is for purchase money does not appear from the judgment, but has to be shown by extrinsic evidence. *The People* v. *Stahl,* 101 Ill. 346; *White* v. *Clark et al.* 36 id. 285; *Stevenson et al.* v. *Marony,* 29 id. 532; *Durham* v. *Bostick,* 72 N. C. 353; Freeman on Judgments, 180, 181.

The suit and judgment in "any court of competent jurisdiction" do not change the nature of the demand or cause of action, but only change the form. of it; and this change does not affect any lien that secured it. *Eschback* v. *Pitts,* 6 Md. 71; *Wyman et al.* v. *Cochran,* 35 Ill. 152; *The People* v. *Stahl,* 101 id. 346; *Almy* v. *Hunt,* 48 id. 45; *Ober* v. *Gallagher,* 93 U. S. 206; Jones on Mortgages, secs. 1215, 1220, 1226; *Dunkley* v. *Van Buren,* 3 Johns. Ch. 330.

The money paid for taxes being future advances, could not be tacked to the mortgage as against the title of appellant. *Frye* v. *Bank of Illinois,* 11 Ill. 367; 4 Kent, 175.

Appellant is not a proper party to the bill, his claim of title being wholly adverse and hostile to that of Luke. *Gage* v. *Perry*, 93 Ill. 176; *Carbine* v. *Sebastian*, 6 Bradw. 564; *Gage* v. *Board of Directors*, 8 id. 410; *Eagle Fire Co.* v. *Lent*, 6 Paige, 637.

Messrs. WOOD BROTHERS, for the appellee:

Kepley was a necessary party. His rights were obtained subsequently to the mortgage. He was the owner of the equity of redemption. 2 Jones on Mortgages, secs. 1425, 1406; *Kenyon* v. *Schrick*, 52 Ill. 386; *Ohling* v. *Luitjens*, 32 id. 386; *Fitch* v. *Pinckard*, 4 Scam. 69; *Vallette* v. *Bennett*, 69 Ill. 635; *Hubble* v. *Vaughn*, 42 Mo. 141.

In a proceeding against the land for taxes the purchaser acquires a new title, freed from all prior liens, but in a proceeding against the owner it is subject to prior liens. Blackwell on Tax Titles, 547; *Gage* v. *Perry*, 93 Ill. 179.

Taxes due on one tract are no lien on another. *Binkert* v. *Wabash Ry. Co.* 98 Ill. 215.

It was the duty of the mortgagor to pay the taxes, and if he did not, the mortgagee had the right to pay them, and have a lien on the land for the same. 2 Jones on Mortgages, sec. 1137; *De Leuw* v. *Neely*, 71 Ill. 45; *Harper* v. *Ely*, 70 id. 584.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

On the 12th day of October, 1874, Joseph Luke, being indebted to Bernard Jansen in the sum of $1950, executed and delivered to him his promissory note for that amount, bearing date of that date, and payable on or before the 12th day of October, 1884, with interest at six per cent per annum, payable annually, and to secure the payment of his note, Luke,—his wife joining with him,—on the same day executed and delivered to Jansen a mortgage upon 200 acres of land, a part of which is involved in this litigation. The mortgage

6—107 ILL.

is in the statutory form, and was duly recorded in the proper office in the county where the lands are situated. The principal in the note was not due when the bill in this case was filed, on the 8th day of April, 1881. The bill was brought by the mortgagee to foreclose the mortgage for the interest that had accrued on the principal debt from October 12, 1878, to the 12th day of October, 1880, which it is alleged was due and unpaid. It is also alleged the mortgagor failed to pay the taxes on the mortgaged premises, and that the lands were sold for taxes at the regular sale, in 1880, for the taxes of 1879, from which sale complainant was compelled to, and did, redeem the mortgaged lands to preserve his security, and that the mortgagor failing to pay the taxes for 1880, complainant had to, and did, pay the same. It is sought to have a decree for the taxes paid by complainant to preserve his mortgage security, as well as for the unpaid interest. To the bill alleging these and other facts, complainant made the mortgagor and his wife, and the county of Effingham, Charles E. Hartman, Henry B. Kepley, and Caroline Suppeger, defendants. A rule was laid on defendants to answer the bill, but all of them except Henry B. Kepley made default. In his separate answer he claimed that he was and is the owner of a part of the mortgaged lands, under deeds made to him by the sheriff of Effingham county, and alleges the title so acquired is paramount, and is free from the lien of complainant's mortgage, and from any lien for taxes paid by the mortgagee. Other matters are set up in the answer, some of which will be noticed in the further consideration of the case. On the hearing in the circuit court a decree of foreclosure was rendered for the interest due on the principal debt, and also for the taxes paid by complainant on the mortgaged premises, and in default of payment by a day fixed, a sale was ordered, as is usually done in such cases. That decree was affirmed in the Appellate Court for the Fourth District, and defendant Kepley brings the case to this court on appeal,

a majority of the judges of the Appellate Court having certi-
fied the case "involves questions of law of such importance,
on account of collateral interests, as that it should be passed
upon by the Supreme Court."

The facts necessary to an understanding of the defence
insisted upon appear in the answer of defendant Kepley,
which is admitted to be true so far as it states facts, but not
as to the conclusions of law stated.    It appears that two suits
were commenced,—doubtless under section 230 of the Reve-
nue act, Rev. Stat. 1874,—by the county of Effingham, in the
name of the People of the State of Illinois, against Joseph
Luke, before a justice of the peace, to recover taxes due on
lands owned by the defendant, and of which he was then in
possession,—a part of which are the lands in controversy.
In one case judgment was rendered against the defendant
for the sum of $156.85, and costs of suit.    Of this amount
$94.68 was for the taxes due on certain lands in section 17,
township 8 north, range 6 east, and $62.17 was for the taxes
due on the south-west quarter of the north-east quarter of
section 23, township 8 north, range 5 east.    In the other case,
judgment was rendered against the defendant for $198.63,
and costs of suit.    Included in this judgment were the taxes
due on the north half of the south-west quarter of section
16, township 8 north, range 5 east, for $136.47, and also
the taxes due on the south-east quarter of the north-east
quarter of section 23, township 8 north, range 5 east, for
$62.06.    Executions issued on these judgments were returned
by the constable having them, "*nulla bona.*"    Afterwards,
transcripts of both judgments were filed in the office of the
clerk of the circuit court, as is authorized by statute to be
done.    The executions issued on these transcript judgments
by the clerk of the circuit court were levied by the sheriff
having the same to collect, on the lands involved in this
litigation, viz., the north half of the south-west quarter of
section 16, and the south half of the north-east quarter of

section 23, all in township 8 north, range 5 east, and certain lands in section 17, township 8 north, range 6 east, not involved in the present controversy. At the sheriff's sale, made on the 24th day of January, 1880, these lands were sold to the county of Effingham for the amounts of both judgments and accruing costs, and the sheriff issued to the county the usual certificates of purchase. These certificates, by authority of the county board, were assigned to defendant Kepley. The lands embraced in the certificates not having been redeemed by the judgment debtor, or any one else, within the time limited by law, the sheriff made the assignee of the purchaser deeds for the same, in the usual form.

The position taken, as a defence to the foreclosure of the mortgage and a consequent sale of the premises is, that the tax on real property is made a lien thereon, by the statute, from the first day of May in the year in which it is levied until paid, and this lien, it is said, is prior to all other liens, demands or claims, and will, therefore, take precedence of a mortgage made before the tax is levied; and hence, a title based upon a sale under a judgment rendered for such tax against the owner, in an action of debt, on personal service, as in other civil actions, takes precedence of and is not subject to the lien of a mortgage; though made before the rendering of the judgment, or even before the tax for which the judgment was rendered was in fact levied. In the view taken of the case, the question made and so elaborately argued does not fairly arise on the present record, and no discussion of it need be had at this time. One of the judgments under which the lands were sold was rendered for taxes due and owing by the judgment debtor on a part of the lands claimed by defendant, and the other judgment was for the taxes due on the residue of these lands, and also included taxes due on other lands not involved in this controversy. Neither judgment was for the whole of the taxes due on the specific lands embraced in the mortgage and now claimed by defendant.

It appears from defendant's answer, the lands were sold on judgments rendered for taxes on other lands, as well as on the lands in controversy. The statute has not made the taxes due on one tract of land a lien upon another tract. (*Binkert* v. *Wabash Ry. Co.* 98 Ill. 205.) So where a tract of land is sold on a judgment recovered for taxes due on other lands, the sale can not be regarded otherwise than as having been on an ordinary judgment, where personal service was had. If the proposition contended for was correct,—as to which it is not necessary now to express an opinion,—it could have no application to the case being considered. It distinctly appears the lands were sold on a judgment for taxes, which included taxes due on other lands. It is stated in the answer, the sheriff, "while said executions were in full force and effect, levied the same upon the said lands, and afterwards, at a sale of said lands by said sheriff, by virtue of said judgments, executions and levies, * * * on the 24th of January, 1880, the county of Effingham * * * became the purchaser for the amount of said judgments." How the lands were sold—whether certain tracts were sold on one judgment and other tracts on the other judgment—does not appear. It is suggested in argument "that each tract of land was sold for the amount of the judgment for taxes thereon, and costs," but that fact nowhere appears in the record. Nor is it perceived how it is practicable to make it so appear. Certainly the sheriff has no authority to divide the judgment into distinct parts, and say that one part was for taxes on a certain tract of land, and it shall be sold for that sum, and no more, and that another distinct part is the taxes on another tract, and it shall be sold in the same way, and so on until the whole judgment is satisfied. No authority exists for the plaintiff to make any such division. But this question need not be further discussed, as it does not appear that any effort was made to sell "each tract of land for the amount of the judgment for taxes thereon." It simply

appears the "said lands" were sold on executions issued on both judgments. One judgment was certainly rendered for and included taxes on other lands, that were not and could not become a lien on the specific lands. The judgments under which the sales were made must, therefore, be treated as ordinary judgments where personal service was had, whether the subject matter of the suit was taxes or other indebtedness. (*Douthett* v. *Kettle*, 104 Ill. 356.) It follows, from what has been said, that all that defendant acquired under the purchase at the sheriff's sale, was the equity of redemption in the lands that was in the mortgagor,—nothing more.

It is insisted the taxes paid by complainant can not be included in the decree, either as against defendant Kepley, or against the mortgagor, for the reason, it is said, where an advancement is made on a mortgage under circumstances that would enable the mortgagee to tack it to or recover it with the original mortgage debt, such advancement or payment is made, in law, upon the same terms and upon the same time of payment as the principal debt, and, therefore, can not be foreclosed for, or recovered, till the principal debt is due. Without admitting the proposition to be correct as broadly as it is stated, it is a sufficient answer to the position taken in this case that the payment of taxes on the mortgaged lands was made as much to secure the annual installments of interest—ten in number—as the principal debt, and where the mortgagee can foreclose for unpaid interest he may also foreclose for taxes advanced to preserve the mortgage security, as he could do if the principal debt were due and he was foreclosing for it. In principle there can be no difference.

The point is also made that defendant Kepley is not a proper party to the bill, and that it should have been dismissed as to him on the hearing. The objection proceeds on the ground, as defendant claims, the title he sets up is

adverse and hostile to that of the mortgagor at the time of the filing of the bill to foreclose, and could not be litigated in a suit to foreclose the mortgage. The rule of law, as stated in *Gage* v. *Perry*, 93 Ill. 176, has no application whatever to the facts of this case. Both parties here claim under the mortgagor. All the title defendant has is the equity of redemption that was in him. The owner of the equity of redemption was always regarded as a necessary party to a bill to foreclose a mortgage. Indeed, he is an indispensable party, and his interest in the subject matter of the suit would not be barred by any decree to which he was not a party.

The judgment of the Appellate Court affirming the decree of the circuit court must be affirmed, which is done.

*Judgment affirmed.*