The Wabash, St. Louis and Pacific Railway Company

· *v.*

The People *ex rel.* Walker, Collector.

*Filed at Springfield March 30, 1891.*

1. Taxation—*railroad property—mode of assessment, etc.—the statute considered.* The provisions of sections 42, 43, 44 and 109 of the Revenue act are intended to control and direct the State Board of Equalization in making the assessment of railroad track and rolling stock, and the county clerk in distributing the amount assessed on railroad property in his county, among the various municipalities and taxing districts therein.

2. In the absence of anything showing the contrary, it will be presumed that these officers discharged their duties,—that in making an assessment the State board properly described the railroad track, as required by section 42 of the Revenue act, and that the county clerk certified to the several road districts their proportionate and distributive share of the assessed value of such railroad track and rolling stock as subject to taxation therein.

3. Same—*road tax—on railroads—how levied, etc.* The commissioners of highways, in levying a road tax on railroad property, must take the value of property in their particular districts as fixed by the State

·Board of Equalization, as certified by the county clerk. The commissioners are required annually to make lists containing a description of each tract of land in the district, and the names of the owners, including railroad property returned to them, and to extend the road tax thereon in a separate column.

4. Same—*description of railroad property — sufficiency.* A description of railroad property, in the lists made by the commissioners of highways, as "railroad track," and as "proportion of rolling stock," or as "rolling stock, main line," and as "main track," is not void for uncertainty. The property thus described will embrace all the main track, right of way and improvements assessable by the State board, lying within the road district, and its proportionate share of the rolling stock assessed.

5. Same—*road tax upon railroads—restricted to the particular locality.* There being no lien, under the statute, against any part of a "railroad track" for road taxes, except upon the specific portion thereof upon which the same were levied, it is error to render judgment against the entire railroad in the county for the taxes due a particular road district.

6. Same—*lien for taxes—limited to each tract of land.* There is no warrant for holding that the lien for taxes on one tract of land, or upon a part or portion of a tract of land, extends to another tract of land upon which such taxes have not been levied, although owned by the same person or corporation. The lien upon a railway track for road taxes in one district is confined to the track, etc., in such district.

Appeal from the County Court of Piatt county; the Hon. H. E. Huston, Judge, presiding.

Mr. George B. Burnett, and Mr. George S. Grover, for the appellant:

The description of the property was so defective as to be insufficient to support a judgment. Starr & Curtis' Stat. chap. 120, sec. 42, pp. 2042, 2043, and chap. 121, sec. 84, ·pp. 2162, 2163; Blackwell on Tax Titles, 124; Cooley on Taxation, 282, 286, and cases cited; *Hughes* v. *Streeter,* 24 Ill. 648; *Meyer* v. *Pfeiffer,* 50 id. 485; *People* v. *Railroad Co.* 96 id. 369; *People* v. *Dragstran,* 100 id. 286.

The judgment of the court against the defendant for the taxes sued for, on all of the defendant's property in Piatt county, including in such judgment not only the districts in

which the defendant's district road taxes for 1889 were delin-
quent, but also those districts in which defendant had paid
its district road taxes in full for the year 1889, is void on its
face.    See authorities cited *supra.*

Mr. James Hicks, for the appellee :

The description of appellant's property is sufficient.    Rev.
Stat. chap. 120, sec. 41.

The statute does not require the same minuteness of de-
scription to be given by the commissioners of highways.    Rev.
Stat. chap. 121, sec. 84.

As to the description of real property, see *Hughes* v. *Streeter,*
24 Ill. 468 ; *Meyer* v. *Pfeiffer,* 50 id. 485 ; *People* v. *Railroad
Co.* 96 id. 371 ; *People* v. *Dragstran,* 100 id. 286.

The judgment is good as to the property within the district,
even if void as to the property not therein.    *Chestnut* v. *Marsh,*
12 Ill. 173 ; *Olcott* v. *State,* 5 Gilm. 491.

Mr. Justice Shope delivered the opinion of the Court:

The second and third errors assigned are practically aban-
doned by counsel for appellant, and need no discussion at our
hands.

The first assignment questions the rulings of the court upon
the ground that the description of the property against which
the road tax was returned delinquent was not sufficient to
authorize judgment for such tax.    Section 42 of the Revenue
law provides that the right of way of railroads, including the
superstructure of main, side, second tracks and terminals, and
the stations and improvements of the company on such right
of way, shall, for the purposes of taxation, be held to be real
estate, "and denominated 'railroad track,' and shall be so listed
and valued."    (*Ohio and Mississippi Ry. Co.* v. *Weber,* 96 Ill.
443 ; *Chicago and Alton Railroad Co.* v. *The People,* 98 id. 350.)
The section provides that the same shall be described in the

assessment thereof as a strip of land extending on each side of such railroad track, and embracing the same, together with the improvements and all stations thereon, commencing at the point where such track crosses the boundary line entering the county, city, town or village, and extending to the point of exit therefrom, or to the point of termination within the same, as the case may be, and containing : . . . acres, more or less, inserting the name of the county, city, town or village, and number of acres, and length of track in feet, and that no other description shall be necessary. Section 43 provides that the value of the "railroad track" thus defined shall be listed and taxed in the several counties, towns, villages, districts and cities, in proportion that the length of the main track therein bears to the whole length of the road in the State, etc. Section 44 provides that the movable property of the company shall be personal property, and, for the purposes of taxation, shall be denominated "rolling stock," and requires classified return by the company thereof in the month of May of each year. Section 45 provides for the listing and taxation of "rolling stock" in the several counties, towns, villages, districts and cities, in the proportion that the main track therein situated bears to the whole length of said road within the State. The act (section 109) requires the State Board of Equalization to assess the railroad property "denominated in this act as 'railroad track' and 'rolling stock,'" and that the amount so determined and assessed by said board shall be certified by the Auditor to the county clerks of the proper counties. It is then provided that the county clerks shall in like manner distribute to the counties, and to the several towns, districts, villages and cities in their counties entitled thereto, a proportionate share of the value of such "railroad track" and "rolling stock" so certified by the Auditor.

It is manifest that these provisions are intended to control and direct the State Board of Equalization in making the assessment, and the county clerks in distributing the amount

assessed upon the railroad property in their counties among the various municipalities and taxing districts therein. In the absence of anything showing the contrary, it must be presumed that these officers discharged their duty in compliance with the statute ; that in making the assessment the State board properly described appellant's railroad track as required by section 42 of the Revenue act before referred to, and that the clerk certified to these several road districts their proportionate and distributive share of the assessed value of such railroad track and rolling stock, as subject to taxation therein. With making the valuation the highway commissioners had nothing to do. The value of appellant's property for purposes of taxation had been determined by competent authority, and it only remained for them to levy and extend against it the amount of road and bridge tax they had previously ascertained as necessary, in accordance with the provisions of sections 83 and 119, of chapter 121, of the statutes. For this purpose the commissioners of highways are required annually to make lists (Rev. Stat. chap. 121, sec. 84,) containing a description of each tract of land in the district, the name of the owner, if known, "and the name of the owner of any railroad property known as 'railroad track' and 'rolling stock,'" etc., and opposite the name of each owner of property known as "railroad track" and "rolling stock" to place "the valuation thereof as assessed by the State Board of Equalization for the purposes of taxation for the previous year, and distributed by the county clerk, and opposite each valuation and assessment they shall extend the road tax assessed thereon, in a separate column."

There was in the levy of the tax in each of the road districts complained of, a substantial, if not a literal, compliance with the law. The commissioners of the townships, respectively, having ascertained the amount of tax required, etc., prepared lists for the several road districts, giving the names of the owners, amount of valuation as fixed by the State Board of Equalization and distributed by the clerk, and in a separate

column extended the road tax. The only complaint made under this assignment of error is, that the property is described in such lists as "railroad track" and as "proportion of rolling stock," or as "rolling stock main line," and as "main track," etc. As before said, section 42 relates to the mode of making the valuation and assessment by the State Board of Equalization, and all that can be required in making the lists required by section 84 is, that the property shall be described with that certainty that will enable the officers charged with the extension and collection of taxes, to ascertain the property against which the same are levied, and to apprise the owners of the levy upon the specific property sought to be charged. (Cooley on Taxation, 282-286; Blackwell on Tax Titles, 124; *Sanford* v. *The People*, 102 Ill. 374; *The People* v. *Chicago and Alton Railroad Co.* 96 id. 369.) There was here no uncertainty. The property was listed as the property of appellant within the road district, in the township named and in the county named, and the property was described as the "railroad track" and "rolling stock" of appellant within said road district, as valued by the State Board of Equalization for the proper year. The property could be no other than that portion of the main track, right of way and improvements assessable by the State Board of Equalization, lying within the road district, and its proportionate share of rolling stock assessment, and the description afforded ample means of identification. We are of opinion that the description of the property was sufficiently certain, and that the levy was not void.

The fourth assignment of error questions the correctness of the judgment against the "railroad track" and "rolling stock" of appellant, within the entire county, for the several amounts levied by the highway commissioners in the several road districts for which the tax was returned delinquent. It is conceded that the road tax for 1889, the year in question, assessed and levied upon appellant's property in some of the road districts in the county, was paid, and that in a part only of the

road districts in the county through which the road is located the road tax was returned delinquent. We have already seen that railroad track, right of way, etc., for the purposes of taxation, are to be deemed real property. By section 253 of the Revenue act, "the taxes upon real property, together with all penalties, interest and costs that may accrue thereon, shall be a prior and first lien on such real property, superior to all other liens and incumbrances, from and including the first day of May in the year in which the taxes are levied, until the same are paid." The amendment in 1881, adding to this section the right to enforce this lien by foreclosure in equity, (Sess. Laws 1881, p. 130,) did not create or enlarge this lien, but gave an additional remedy for the collection of the taxes in cases falling within the purview of that amendment. *Biggins* v. *The People,* 106 Ill. 270.

The lien is created upon the real estate upon or against which the tax is levied, and does not extend to other real property of the owner. The lien is created upon and against "such real property,"—that is, the real property against which the tax is levied,—and there is no warrant for holding that the lien for the taxes on one tract of land, or upon a part or portion of a tract of land or other real property, extends to another tract of land, or to other portions of real estate, upon which it has not been levied, although owned by the same person or corporation. (*Kepley* v. *Jansen,* 107 Ill. 79; *Binkert* v. *Wabash Ry. Co.* 106 id. 298.) Here the application to the county court was for judgment for the taxes imposed by authority of law within the townships, respectively, for road purposes, and within the several road districts in which the railroad was situated, as they had been established by the commissioners of highways of the towns. The taxes were levied upon the valuation of the real property of appellant as represented by its railroad track, etc., in the several road districts, and it follows, under the statute as it now is, a lien for the amounts levied for any one road district became a lien upon that por-

tion of the road upon which it was levied,—that is, upon the real property of the railroad within that road district,—and can not extend to other real property of appellant against or upon which it had not been levied, wherever situated.

These divisions of the railroad track, right of way and property are not arbitrary. Each taxing district is entitled to the proportion of the valuation of the "railroad track and rolling stock" of the railroad that the length of main track within its limits bears to the whole length of the railroad within the State. The assessment by the State board, certified to the county clerk, is to be distributed, upon that basis, to the towns, villages, districts and cities into or through which the railroad runs, to the end that the railroad company may bear its just proportion of the taxes imposed by the local authorities for the maintenance of government therein. And while road taxes are not levied by the road districts, they are levied, upon certificate of the highway commissioners, by the board of supervisors of the county, for the district and upon the property therein situated. These taxes, although in theory levied by county authority, are in no sense county taxes, but are district road taxes, to be used, within the district for which they are imposed, for the particular governmental purpose for which they were levied, and no other. If public interest demands that the lien for these local municipal taxes should be enlarged, the remedy will no doubt be applied by the legislative department of the government.

There was no lien, under the statute, against any portion of appellant's "railroad track" for these taxes, except upon that specific portion thereof upon which the same were levied, and the county court erred in rendering judgment against the entire road within the county. For the error in this respect the judgment is reversed and the cause remanded.

*Judgment reversed.*