## E. BARBER

### v.

## THE COUNTY OF JACKSON.

*Taxation—Double Payment—Refunding—Sec. 268, Chap. 120, R. S.— Proper Construction of—Evidence.*

1. This court holds that Sec. 268, Chap. 120, R. S., should be construed as if it read, " the county board   *   *   *   shall cause the State and county taxes to be refunded *pro rata*, by the State and county," and shall cause the " city and incorporated town or village taxes and special assessments " to be refunded *pro rata* " by the city or incorporated town, village or other proper authorities or persons."

2. In such case, an order to refund creates no indebtedness against the county except for the county taxes. Where such order is made, the practical method of accomplishing a refunding, is to have a certified copy of the refunding order made by the county clerk under his official seal, specifying therein the amount of each kind of tax to be refunded, which is presented by the holder to the county treasurer for the county tax and all other taxes therein mentioned, if the same has not been distributed; if it has been, it can be presented to the various bodies having received such tax, or retain such order until the county treasurer receives the taxes of the various bodies thereafter, when he pays the same and deducts the amount in his distribution.

3. Upon a claim presented to the board of supervisors of a county asking that an amount paid for certain property at a tax sale be refunded, this court holds that Sec. 268, Chap. 120, R. S., upon which such claim is based, was not correctly construed by the trial court, and that its judgment as to the amount proper to be returned, was wrong.

Barber v. County of Jackson.

[Opinion filed September 11, 1891.]

APPEAL from the Circuit Court of Jackson County; the
Hon. O. A. HARKER, Judge, presiding.

Messrs. HILL & MARTIN, for appellant.

Mr. R. T. LIGHTFOOT, State's Attorney, for appellee.

SAMPLE, J.    The facts in this case briefly are that appel-
lant, on June 9, 1886, bought at tax sale, in Jackson County,
twenty acres, being a part of fractional Section 23, T. 10, R.
4, for $385.89.    Afterward learning, as he claimed, that the
taxes for that year on that land had been previously paid, he
presented his claim to the board of supervisors of said county,
at the April, 1889, session, asking that the board cause the
same to be refunded as provided by statute, Sec. 268 of Chap.
120, which is : " If any real property shall be twice assessed
for the same year, and the taxes so erroneously assessed shall
have been paid, either at *sale* or otherwise,   *   *   *   the
county board, on application of the person paying the same
*   *   *   and being satisfied of the facts in the case,
*shall cause* the State and county taxes to be refunded, *pro
rata*, by the State and county, and the city and incorporated
town or village taxes and special assessments by the city or
incorporated town, village or other proper authorities or per-
sons."    The board of supervisors refused to cause said taxes,
or any part thereof, to be refunded, and the claimant took an
appeal to the Circuit Court, where a jury was waived and a
trial had before the court, which found that the property had
been twice assessed for the same year and found for the claim-
ant to the amount of $91.53, to be refunded by the county
board, $20.01 for State taxes, and $71.52 for county taxes,
penalties, interest and costs; a judgment of refunding by the
county board for that amount was rendered and the clerk
was ordered to certify the same to the county board, from
which finding and judgment the claimant appealed to this
court.    The evidence introduced on the trial showed that this
fractional section had, for many years, been assessed in three

different lots or tracts, viz. : two, forty-seven and twenty acre tracts ; that the taxes had been regularly paid on the two first pieces, but default had been made in the payment on the twenty acres, no owner being known therefor from the year 1877 until the purchase by claimant in June, 1886, at which time the aggregate of taxes, interest, penalties, with costs of sale, was $385.89.

.The evidence further disclosed that at no time was there more than forty-one acres in the whole fractional section. Thus it will be observed that the payment of taxes on the two and forty-seven acre tracts was on more land than there was in the section to assess for taxes. It further appears from the evidence and plat that fractional section 23 lies in a bend of the Mississippi river and that no subdivision of the same was ever made by the government, doubtless because the whole tract was less in quantity than any subdivision it made in its surveys. There is no evidence in this record to indicate that there ever was an actual subdivision of the section as provided by Sec. 62, Chap. 120, R. S., into the acreage tracts of two, forty-seven and twenty acres, upon which the assessments for taxes were made. The assessments were extended each year by the description, "Pt. Frac'l Sec. 23, T. 10 R. 4,—2 acres; Frac'l Sec. 23, T. 10, R. 4,—47 acres: Pt. Frac'l Sec. 23, T. 10, R. 4,—20 acres." From this it would appear that the only proper assessment was that extended against the forty-seven acres, which it will be observed was more than there were acres to assess. The assessment, therefore, against the twenty acres was not only a double assessment but it was illegal for the reason that it had no particular locality given to it by the description, either by metes and bounds or otherwise. The People v. C. & A. R. R. Co., 96 Ill. 369; Sanford v. The People, 102 Ill. 374; People ex rel. v. Purviance, 12 Ill. App. 216.

In fact this case has been discussed on both sides with the concession that the same property had been twice assessed for the same year. The controversy appears to be as to the amount that the court should have ordered to be refunded. Appellant's counsel contends that it should have been for the

Barber v. County of Jackson.

$385.89 that he paid, thus including all the various taxes; while the appellee's counsel contends that no more than the State and county taxes could be ordered refunded by the county board or by the court, and that the city, incorporated town or village authorities should cause such other taxes to be refunded as appertained to each respectively, and treats the judgment of refunding in his discussion as if it was a judgment in debt against the county, which is erroneous, as will be shown hereafter.

The court below evidently held that only the State and county taxes could be ordered refunded, together with the interest, penalties and costs on the same. In this view of the case now being considered, a construction of Sec. 268, Chap. 120, is involved. A careful reading of that section, it is thought, will lead to the conclusion that it should be construed as if it read, "The county board * * * shall *cause* the State and county taxes to be refunded *pro rata* by the State and county," and shall cause the "city and incorporated town or village taxes and special assessments" to be refunded *pro rata* "by the city or incorporated town, village or other proper authorities or persons." If the words included in the quotation marks are not brought forward and supplied to the last clause of said section as above, then some other words must be supplied or the clause is meaningless. It would not be either grammatical or logical to make the clause read, "the city * * * or village taxes shall cause to be refunded" by the city * * * or village authorities." The cause of refunding can not be predicated upon the words, "the city * * * or village taxes," etc. The active agent to cause these various taxes to be refunded, as provided by that section, is the county board.

While the attention of the Supreme Court was not particularly challenged as to the proper construction of this section in the cases of Champaign Co. v. Reed, 100 Ill. 304, and 106 Ill. 389, yet it is evident that in order to reach the conclusion arrived at in those cases, the same view was taken as herein expressed.

In addition to what has been presented as to the proper

construction of this section it may be said that the county board is the only one of the various bodies that levies or receives taxes, that has before it the records by which it can be determined that there has been a double assessment; and doubtless this was one of the reasons for vesting the power mentioned there. It has its clerk and legal adviser in the State's attorney, to assist in such matters. The inconvenience to other tax bodies, of investigating such a question, is readily observed, and the distribution of power among so many bodies, some of them with no stated sessions, would render the proceeding of refunding so tedious and vexatious as almost to amount to a denial of the right granted. It is conceded by appellee that the county board is invested with the power as to the State tax; if so, no reason can be perceived why it should not also include the various other taxes. But it is said that it would be unjust to compel the county to pay back all such taxes especially without a provision being made in the law for its return. This is a total misconception of the scope and purpose of that section. The county does not pay out of its treasury such taxes, when ordered to be refunded, other than the county taxes it so improperly received. Such order of refunding creates no indebtedness against the county, except for the county taxes.

The county board is merely made the agent to act upon a grievance arising out of the payment of a tax which should not have been assessed, and therefore none of the tax bodies had a right to receive. The statute declares that such money must be refunded and invests the county board with the power to determine the fact, subject to review by the courts, as is assumed in this case by counsel. If the order of refunding is made, the practical method of accomplishing it is to have a certified copy of the refunding order made by the county clerk, under his official seal, specifying therein the amount of each kind of tax to be refunded, which is presented by the holder to the county treasurer for the county tax and all other taxes therein mentioned, if the same has not been distributed; if it has been then it can be presented to the various bodies having received such tax or as has been the practice,

retain such order until the county treasurer receives the taxes of these various bodies thereafter, when he pays the same, and deducts the amount in his distribution. The construction given to Sec. 268 by the court below was not in harmony with these views, therefore the judgment will have to be reversed and the cause remanded.

*Reversed and remanded.*