THE PEOPLE *ex rel.* John P. Martin, County Collector, Appellee, *vs.* THE CAIRO, VINCENNES AND CHICAGO RAILWAY COMPANY, Appellant.

*Opinion filed December 16, 1914.*

1. TAXES—*amount voluntarily paid in labor cannot be set off against subsequent tax.* The amount voluntarily paid in labor to satisfy a district road tax cannot be set off against a subsequent road and bridge tax levied under a new law.

2. SAME—*what does not render special hard roads tax invalid.* The fact that a special hard roads tax was put upon the tax books before it was due and judgment was for that reason refused, does not furnish a valid objection to such tax when it is put upon the next year's tax books after it is due.

3. SAME—*lien for taxes is confined to the property in the taxing district.* The lien upon property for taxes is confined to the property in the taxing district, and hence a judgment against railroad property for a special hard roads tax of a certain town should be limited to the property of the railroad company in such town.

APPEAL from the County Court of Lawrence county; the Hon. J. A. BENSON, Judge, presiding.

P. J. KOLB, (L. J. HACKNEY, and FRANK L. LITTLETON, of counsel,) for appellant.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Prior to July 1, 1913, when the present Road and Bridge law became effective, the towns of Bond, Lawrence and Dennison, in Lawrence county, were under the labor system and had levied district road taxes under the then existing Road and Bridge law. The appellant owned land in said towns in road districts 1 and 2 in the town of Bond, road districts 1 and 2 in the town of Lawrence, and road districts 3, 4 and 5 in the town of Dennison, and paid the taxes in the several road districts in labor under the direction of the several overseers and took receipts from such

overseers for the payments. A special hard road tax was levied by the town of Dennison and was extended against the property of appellant in the year 1912 before it was due. On objection the court refused judgment for such tax and the county clerk put the tax on the tax book for the year 1913. In the present year the county collector applied for judgment for the road and bridge taxes and the hard road tax, and the appellant filed objections, stating that it had paid the district road tax in the manner authorized by law by causing labor to be performed under the direction of the overseers of highways and was entitled to credit for the amount so paid as against the road and bridge taxes, and that the hard road tax was illegal and void. The facts above stated were stipulated or proved, and the court overruled the objections and rendered judgment for the taxes, with an order of sale of the appellant's property to satisfy them.

Appellant contends that the repeal of the Road and Bridge law in force before July 1, 1913, put an end to all right to proceed further for the collection of the district road taxes, and as they could not be collected after the new law went into effect, it should have credit against the road and bridge taxes for the amount paid in labor under the provisions of the old law. The payments in labor were made voluntarily, without objection or protest, and if, under such circumstances, they cannot be recovered back, the appellant cannot be allowed any credit for such payments. The fact that the special hard road tax of the town of Dennison had been put on the tax book the previous year before it was due was no defense to the application for judgment when it had been put on the tax book after it became due. The court did not err in overruling the objections. The court, however, erred in rendering judgment for the taxes against the entire property of the appellant in the county of Lawrence, since the lien upon property for taxes is confined to the property in the taxing district.

*Wabash, St. Louis and Pacific Railway Co.* v. *People,* 137 Ill. 181; *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 261 id. 582.

The judgment is reversed and the cause is remanded to the county court, with directions to enter a proper judgment limited to the property of appellant in the several taxing districts.    *Reversed and remanded, with directions.*